1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

RONDA DEMOTT, individually, and on behalf of all others similarly situated,

12

Plaintiffs

13

14

v.

15

JILLIAN MICHAELS, an individual; THINCARE INTERNATIONAL, a Utah Limited Liability Company; and DOES 1-20, Inclusive,

16

17

Defendants.

18

19

)   Case No. CV10-5886 ODW (JCGx)

)   Honorable Otis D. Wright II

)

)

)   **DISCOVERY MATTER**

)

)   **ORDER GRANTING**
)   **STIPULATED PROTECTIVE**
)   **ORDER REGARDING**
)   **CONFIDENTIAL MATERIAL**
)   **AND HIGHLY CONFIDENTIAL**
)   **MATERIAL**

)   **NOTE CHANGES MADE BY THE COURT.**

)

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

HOWREY LLP

The Court, having considered the Parties' Stipulated Protective Order Regarding Confidential Material and Highly Confidential Material, which stated as follows:

The Parties to this action, through their undersigned counsel of record, hereby stipulate, subject to the approval of the Court, to the entry of the following Protective Order Regarding Confidential Material and Highly Confidential Material (the "Protective Order").  The parties have agreed to stipulate to the entry of a Protective Order in order to facilitate orderly and efficient discovery and to protect the parties and third parties from unwarranted annoyance, embarrassment, oppression, or undue burden or expense, and to prevent the unnecessary disclosure or use of certain documents and information produced in the course of the above-captioned litigation (the "Litigation"), whether by the Parties or third parties.  Information subject to this Protective Order may include information relating to trade secrets, proprietary formulas and products, strategic plans, sales, financial information, marketing, manufacturing, employment, or other sensitive competitive and/or confidential information.  This Protective Order shall not apply to any information that is publicly available other than through a breach of this Protective Order or other duty of confidentiality.

1.    Scope of Order.  This Protective Order governs the use and handling of documents, electronically stored information, testimony, written discovery, and other information, including all copies, excerpts or summaries thereof ("Material") that is given a confidentiality designation pursuant to this Protective Order, regardless of how generated, stored, or maintained, produced or given by any party to this litigation or by any other person or entity ("Producing Party") in pre-trial proceedings in the Litigation.  Material produced or otherwise provided in the Litigation that is designated as "Confidential" or "Highly Confidential" under the provisions of this Protective Order shall be used by the receiving party only for the purpose of the Litigation and not for any other business, competitive, personal, public or other purpose whatsoever; provided,

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

HOWREY LLP

1  however, that if litigation seeking attorney fees, sanctions, frivolous or malicious

2  prosecution or other litigation between the parties that arises from and relates to this

3  litigation were to be filed, the Parties may use the Material for the purposes of that

4  related litigation pursuant to the terms and provisions of this Protective Order.

5      2.    <u>Designation of Confidential Material</u>.  The Producing Party may designate

6  as "Confidential" any Material that he, she or it produces or provides in the Litigation

7  which the Producing Party reasonably and in good faith believes constitutes, contains,

8  reflects or discloses private, confidential, proprietary, trade secret or commercially

9  sensitive information for which a good faith claim of a need of protection from

10  disclosure can be made under the Federal Rules of Civil Procedure and/or other

11  applicable law ("Confidential Material").

12      3.    <u>Designation of Highly Confidential Material</u>.  The Producing Party may

13  designate as "Highly Confidential" any non-public Material that he, she or it reasonably

14  and in good faith believes constitutes, contains, reflects or discloses extremely sensitive

15  private, confidential, proprietary, trade secret and/or commercially sensitive information

16  the disclosure of which, even if limited to the permitted disclosures for Confidential

17  Material pursuant to this Protective Order, would jeopardize or threaten to jeopardize

18  the Producing Party's business or personal privacy interests ("Highly Confidential

19  Material").

20      4.    <u>Manner of Marking and Production of Confidential and Highly</u>

21  <u>Confidential Material</u>.  The designation of Confidential Material and Highly

22  Confidential Material pursuant to this Protective Order shall be made by marking each

23  page or other material containing any Confidential Material or Highly Confidential

24  Material with the appropriate term, "Confidential" or "Highly Confidential," and also by

25  marking the cover and/or first page to which the Material is bound with the same

26  designations as apply to any Material bound therein.   In the case of electronically stored

27  information ("ESI"), the designation may be made by designating the ESI as

28

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL
INFORMATION

HOWREY LLP

"Confidential" or "Highly Confidential" in a cover letter accompanying production of the ESI.  Where feasible, counsel for the Producing Party shall also mark the disk, or other electronic media, including any copies, as "Confidential" or "Highly Confidential."  In the case of depositions or pre-trial testimony, all transcripts shall be treated as Highly Confidential for fourteen (14) business days after receipt of the transcript of the deposition unless the parties agree to an extension of this time period for the designation.  On the record during the deposition or within this 14-day period, either party may designate as Confidential or as Highly Confidential, as appropriate, portions of the deposition transcript or exhibits to the transcript.

5.   <u>Inadvertent Failure to Designate Material Confidential or Highly Confidential</u>.  The inadvertent failure to designate Material as Confidential or Highly Confidential shall not be deemed a waiver of a claim of confidentiality.  Within ten (10) days of the discovery of an inadvertent failure to designate Material as Confidential or Highly Confidential, the Producing Party shall provide written notification to all other parties to the Litigation of the designation.  The Producing Party shall provide replacement copies of the Material with the Confidential or Highly Confidential designation, consistent with Paragraph 3 governing the manner of marking Material.  Regardless of whether or when replacement copies are provided, however, all parties shall treat, and shall notify any persons to whom they have provided copies of the Material to treat, the Material as Confidential or Highly Confidential upon receipt of the written notification provided pursuant to this paragraph.

6.   <u>Persons Who May Access Confidential Material</u>.  Except as provided in Paragraph 7, absent written consent from the Producing Party or an Order from the Court, Confidential Material may be disclosed only to the following persons:

(a)   outside counsel for the Parties and in-house counsel for the Parties, including associate attorneys, paralegal, clerical, secretarial, and other staff employed by such counsel;

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

HOWREY LLP

(b)     the Defendants, including officers, directors, or employees of the Defendants who are participating in the preparation, prosecution, defense, or settlement of this Litigation, and the Named Plaintiff, provided that she is participating actively in the preparation of this litigation;

(c)     experts or consultants retained by the Parties or their counsel to assist in the preparation, prosecution, defense or settlement of this Litigation, provided that they review and agree to be bound by the Protective Order and execute the form attached as Exhibit A;

(d)     the author of the document or the original source of the information, and any person the document or information on its face indicates had previously received or reviewed it independently of discovery in this action;

(e)     court reporter(s), videographers, stenographers, and court personnel;

(f)     photocopying, graphic production, computer service personnel, or litigation support services employed by the Parties or their counsel to assist in the litigation;

(g)     the Court in this action or any court hearing an appeal in this action;

(h)     actual or potential fact witnesses who are currently employed by the Producing Party, or who created the Material, or who were employed by the Producing Party at the time the Material was created, or received the Material outside the context of this litigation.

7.     <u>Persons Who May Access Highly Confidential Material</u>.  Except as provided in Paragraph 6, absent written consent from the Producing Party or an Order from the Court, Highly Confidential Material may be disclosed only to the following persons:

(a)     outside counsel for the Parties, including associate attorneys, paralegal, clerical, secretarial, other staff employed by such counsel, and in-house counsel for the Parties, including paralegal, clerical, secretarial, other staff employed by such counsel, so long as in-house counsel (including in-house counsel's paralegal, clerical, secretarial,

HOWREY LLP

and other staff):  (i) has responsibility for the preparation, prosecution, defense, or settlement of this action; (ii) shall agree in writing to be bound by the terms of this Agreement as set forth in Exhibit "A" hereto; and (iii) does not have business duties or responsibilities related to the subject matter contained in any documents to which they are provided access that are covered by this paragraph;

(b)    the author of the document or the original source of the information, and any person the document or information on its face indicates had previously received or reviewed it independently of discovery in this action;

(c)    experts or consultants retained on behalf of the Parties or their counsel to assist in the preparation of the case, provided that they review the Protective Order and execute the form attached as Exhibit A;

(d)    photocopying, graphic production, computer service personnel, or litigation support services employed by the Parties or their counsel to assist in the litigation

(e)    court reporter(s), videographers, stenographers, and court personnel;

(f)    the Court in this action or any court hearing an appeal in this action;

(g)    actual or potential fact witnesses who are currently employed by the Producing Party, or who created the Material, or who were employed by the Producing Party at the time the Material was created, or received the Material outside the context of this litigation;

(h)    Each Party will maintain a list of persons to whom access is given with respect to Highly Confidential Material.  The list will be made available to the Producing Party only upon Court order, and only with good cause for that Party to need such information being shown.

8.    <u>Application of this Protective Order to Persons with Access to Confidential or Highly Confidential Material</u>.

(a)    Each person given access to Confidential Material or Highly Confidential Material shall be advised that the Confidential Material or Highly Confidential Material

HOWREY LLP

1   is being disclosed subject to the terms of the Protective Order and may not be disclosed

2   or used other than subject to the terms of the Protective Order;

3       (b)     All persons allowed access to Confidential Material or Highly Confidential

4   Material under this Protective Order shall take all necessary steps to insure that access

5   to such Material is restricted to those persons who, by the terms of this Protective Order,

6   are allowed access to the Material;

7       (c)     Before any person listed above in paragraphs 6(c) or 7(c) is given access to

8   Confidential Material or Highly Confidential Material, that person must read and agree

9   in writing, by signing the acknowledgement form in Exhibit A attached hereto, to be

10  bound by the provisions of the Protective Order;

11      (d)     Before any other person described in paragraphs 6 or 7 is shown any

12  Confidential Material or Highly Confidential Material, that person must be shown a

13  copy of the Protective Order and instructed that he or she is bound by its provisions.

14  This requirement does not apply to those individuals identified in paragraph 6(a) or 7(a),

15  or to the Court in this action or any court hearing an appeal from a judgment or order

16  issued by the Court in this action.

17      9.      Filing Documents Containing Confidential Material or Highly Confidential

18  Material.  In the event any Party wishes to use any Confidential Material or Highly

19  Confidential Material, or any papers making reference to Confidential Material or

20  Highly Confidential Material, in any pleading or document filed with the Court, such

21  pleading or document shall be filed pursuant to Local Rule 79-5 *et seq.* and any other

22  applicable rules governing the filing of Confidential Material.

23      10.     Use of Confidential Material or Highly Confidential Material at

24  Depositions.  Counsel for any party wishing to use Confidential Material or Highly

25  Confidential Material to examine a deposition fact witness who is not currently

26  employed by the Producing Party, who was not employed by the Producing Party at the

27  time the Material was created, or who did not create or receive the Material shall, prior

28

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

HOWREY LLP

1  to showing any such Material to the witness during deposition, provide a copy of the

2  Protective Order to the witness and obtain a signed acknowledgement form attached as

3  Exhibit A to this Order that the witness has reviewed the Order and agrees to be bound

4  by its provisions.

5       11.    <u>Use of Confidential or Highly Confidential Material at Hearings or Trial.</u>

6  The restrictions, if any, that will govern the use of Confidential Material or Highly

7  Confidential Material at hearings or trial will be determined at a later date by the Court,

8  in consultation with the Parties.

9       12.    <u>No Waiver of Privilege</u>.  This Order will not prejudice the right of any

10  Party to oppose production of any information on the ground of attorney-client

11  privilege, work product doctrine, or any other objection, privilege, protection, or ground

12  provided under the law.

13       13.    <u>Challenge to Confidential Designation</u>.  Any party may challenge or

14  dispute the designation of material as "Confidential" or "Highly Confidential" by

15  providing written notice to counsel for the Producing Party (or the Producing Party

16  directly if not represented by counsel) that it objects to the designation.  The notice shall

17  specifically identify the Material in dispute and the reasons for the challenge to the

18  designation.  Within ten (10) business days, the parties shall meet and confer in good

19  faith in an attempt to resolve the dispute.  If the parties are unable to resolve the dispute,

20  the objecting party may make a motion to the Court to challenge the designation, with

21  notice to the Producing Party, and such application shall <u>strictly</u> comply with the local

22  Rules, including the joint stipulation requirement.  Until the Court rules on the motion,

23  the material shall be treated as Confidential or Highly Confidential pursuant to this

24  Protective Order.

25       14.    <u>Third Party Requests for Information</u>.  If any person receiving Confidential

26  Material or Highly Confidential Material covered by this Protective Order is

27  subpoenaed, or issued a document demand, or otherwise requested to provide

28

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL
INFORMATION

HOWREY LLP

1    Confidential Material or Highly Confidential in another proceeding, the person or

2    counsel for the person who received the request shall promptly notify counsel for the

3    Producing Party and, if possible, at least 5 court days prior to the date designated for

4    production, and shall, to the extent permitted by law, withhold production of the

5    Confidential Material or Highly Confidential Material until any dispute relating to the

6    production of the Confidential Material or Highly Confidential Material can be

7    resolved.

8         15.    <u>No Waiver or Admission</u>.  Nothing in this Agreement, nor any failure by

9    any Party to challenge the designation by another Party of any information as

10   Confidential Material or Highly Confidential Material shall be construed as a waiver,

11   admission or agreement that any specific information is or is not confidential,

12   proprietary or a trade secret, or is or is not subject to discovery, or is or is not admissible

13   in evidence.

14        16.    <u>Unauthorized Disclosure of Confidential Material or Highly Confidential</u>

15   <u>Material</u>.  If any person subject to this Protective Order becomes aware that he/she or

16   any other person has, whether intentionally or inadvertently, disclosed Confidential

17   Material or Highly Confidential Material to someone not authorized to have access to

18   Confidential Material or Highly Confidential Material under this Protective Order,

19   counsel of record for the party involved should immediately notify counsel of record for

20   the Producing Party about the unauthorized disclosure and should use his/her best

21   efforts to obtain the return of the Confidential Material or Highly Confidential Material

22   (and any copies or documents generated that contain the Confidential Material or

23   Highly Confidential Material) and to prevent any further improper dissemination of the

24   Material.

25        17.    <u>Court Retains Jurisdiction</u>.  This Protective Order shall survive the

26   termination of this litigation.  This Court expressly retains jurisdiction for enforcement

27   of the provisions of this Protective Order following the final resolution of this litigation.

28

HOWREY LLP

18. <u>Return or Destruction of Confidential Material and Highly Confidential Material</u>. Within sixty (60) days of the termination of this action, including all appeals, all Confidential Material and Highly Confidential Material provided by any party, including all copies thereof, or any documents containing any such material, shall be returned to the Producing Party or shall be destroyed, unless otherwise agreed to in writing by the parties and the Producing Party, if not a party hereto. A written certification of return and/or destruction shall be provided to the Producing Party upon request. If copies of any Material are stored on any back-up tapes of a party, then such copies do not need to be destroyed or returned, but shall remain subject to the terms of this Protective Order indefinitely. This paragraph 18 is <u>not</u> applicable to the Court.

21. <u>Parties May Use Their Own Confidential Material or Highly Confidential Material</u>. Nothing in this Protective Order shall affect a party's right to use or disclose its own Confidential Material or Highly Confidential Material in any way for any purpose whatsoever.

IT IS SO ORDERED.

DATED:  December 2, 2010

_____
Hon. Jay C. Gandhi
United States District Court Magistrate Judge

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

HOWREY LLP

**<u>EXHIBIT A</u>**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ronda DeMott, individually, and on behalf of all others similarly situated, | )  Case No. CV10-5886 ODW (JCGx) |
| Plaintiffs | )<br>)  Honorable Otis D. Wright II |
| v. | )<br>)  **EXHIBIT A TO STIPULATED** |
| JILLIAN MICHAELS, an individual; THINCARE INTERNATIONAL, a Utah Limited Liability Company; and DOES 1-20, Inclusive, | )  **PROTECTIVE ORDER**<br>)  **REGARDING CONFIDENTIAL**<br>)  **MATERIAL AND HIGHLY**<br>)  **CONFIDENTIAL MATERIAL** |
| Defendants. | ) |

I, _____ (print or type name), in connection with the above-entitled action, hereby acknowledge that I have received a copy of the Stipulated Protective Order Regarding Confidential Material and Highly Confidential Material, entered into between and among the parties, which is attached hereto as Exhibit 1, have read and understood the same, and agree to be bound by all of the provisions thereof.

I hereto agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcement of the undertaking made herein.

Dated: _____

Signature: _____

Print Name: _____

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

HOWREY LLP